## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

|  |  |
|---|---|
| ————————————— x<br>:<br>MONTY G. CARROLL, JR. and LAWRENCE:<br>D. SMITH, on behalf of themselves and others :<br>similarly situated,<br>:<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>RODENBURG LLP, :<br>:<br>Defendant. :<br>————————————— x | **Civil Action No.**<br><br>**<u>COMPLAINT - - CLASS ACTION</u>**<br><br>**JURY TRIAL DEMANDED** |

### NATURE OF ACTION

1.      This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Montana, Wyoming, and North Dakota consumers who have been the subject of debt collection efforts by Rodenburg LLP, d/b/a Rodenburg Law Firm ("Defendant").

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.    And over one-third of those complaints involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5.    To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6.    A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

8.    As noted by the CFPB and the Federal Trade Commission, the validation requirement was a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

---

[1]    *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2]    *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

9.     Pertinent here, the validation notice must advise "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4).

10.    Notably, collection activities and communications during the 30-day validation period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. *Id.*, § 1692g(b); *see also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.").

## PARTIES

11.    Monty G. Carroll, Jr. ("Carroll") is a natural person who at all relevant times resided in Dawson County, Montana.

12.    Lawrence D. Smith ("Smith") is a natural person who at all relevant times resided in Washakie County, Wyoming.

13.    Carroll and Smith (together, "Plaintiffs") each are obligated, or allegedly obligated, to pay debts owed or due, or asserted to be owed or due, a creditor other than Defendant.

14.    Plaintiffs' obligations, or alleged obligations, owed or due, or asserted to be owed or due, arise from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—

namely, a personal credit card debt for Smith and a personal loan for Carroll (together, the "Debts").

15.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

16.     Defendant is a law firm based in Fargo, North Dakota.

17.     Defendant "represents collection agencies, commercial forwarders, lending institutions, auto and consumer finance companies, debt buyers, state colleges, health care organizations, and other creditors in credit matters including consumer and commercial collections."[3]

18.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debts from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

19.     Upon information and belief, at the time Defendant attempted to collect the Debts from Plaintiffs, the Debts were in default, or Defendant treated the Debts as if they were in default from the time that Defendant acquired the Debts for collection.

20.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

22.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

---

[3]     *See* https://www.rodenburgllp.com/about_us.html (last visited April 20, 2018).

23.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district, and as Defendant maintains its principal place of business in this district.

## FACTUAL ALLEGATIONS

24.     On or about November 7, 2017, Defendant sent an initial written communication to Smith in connection with the collection of his respective Debt.

25.     A true and correct copy of the November 7, 2017 written communication to Smith is attached as Exhibit A.

26.     On or about November 10, 2017, Defendant sent an initial written communication to Carroll in connection with the collection of his respective Debt.

27.     A true and correct copy of the November 10, 2017 written communication to Carroll is attached as Exhibit B.

28.     Aside from their respective dates, addressees, signatories, and associated debts and file numbers, the November 7 and 10, 2017 written communications are materially identical.

29.     The November 7 and 10, 2017 communications were the first communications Plaintiffs received from Defendant in connection with the Debts.

30.     Plaintiffs did not receive any additional written communications from Defendant within five days of their respective November 7 and 10, 2017 communications.

31.     The November 7, 2017 communication advised Carroll that Defendant represented SoFi Lending Corp., and that Carroll owed $47,553.06. *See* Ex. A.

32.     Meanwhile, the November 10, 2017 communication advised Smith that Defendant represented Discover Bank, and that Smith owed $1,500.08. *See* Ex. B.

33.     The November 7 and 10, 2017 communications then advised Plaintiffs of their right to dispute the validity of the Debts within thirty days after receiving the communication, adding that "[i]f you don't dispute it within that period, we'll assume that it's valid. If you do dispute it-by notifying our office in writing to that effect-we will, as required by the law, obtain and mail to you verification of the debt or, if the debt has been reduced to judgment, a copy of the judgment." *See* Exs. A, B.

34.     Next, the November 7 and 10, 2017 communications added, "[I]f, within the same period, you request in writing the name and address of the original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too." *Id.*

35.     Significantly, the November 7 and 10, 2017 communications then went on to state:

> The law does not require our firm to wait until the end of the thirty-day period before contacting you to collect this debt. If, however, you dispute the debt or request the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts to collect the debt until we mail you verification or a copy of the judgment (if you dispute the debt) or the name and address of the original creditor.

*Id.*

36.     The November 7 and 10, 2017 communications concluded with the following disclaimer: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.*

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All persons (a) with an address in Montana, Wyoming, or North Dakota, (b) to whom Rodenburg Law Firm mailed an initial debt collection communication not

returned as undeliverable, (c) within one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt, (e) that stated: "The law does not require our firm to wait until the end of the thirty-day period before contacting you to collect this debt. If, however, you dispute the debt or request the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts to collect the debt until we mail you verification or a copy of the judgment (if you dispute the debt) or the name and address of the original creditor."

38.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

39.     The proposed class satisfies Rule 23(a)(1) because, upon information and belief, class members are so numerous that joinder of all of them is impracticable.

40.     The exact number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

41.     The proposed class is ascertainable because it is defined by reference to objective criteria.

42.     In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

43.     The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiffs' claims are typical of the claims of the members of the class.

44.     To be sure, the claims of Plaintiffs and all members of the class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiffs possess the same interests and have suffered the same injuries as each member of the proposed class.

45.     Plaintiffs satisfy Rule 23(a)(4) because they will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

46.     Plaintiffs have no interests that are irrevocably contrary to or in conflict with the members of the class that they seek to represent.

47.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

48.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

49.     There will be no difficulty in the management of this action as a class action.

50.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

51.     Among the issues of law and fact common to the classes are:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   Whether Defendant is a debt collector as defined by the FDCPA;

    c.   the availability of statutory penalties; and

    d.   the availability of attorneys' fees and costs.

**COUNT I: VIOLATIONS OF 15 U.S.C. § 1692g(b)**

52.     Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 51.

53.     The FDCPA at 15 U.S.C. § 1692g(b) provides:

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

54.     The November 7 and 10, 2017 communications advised Plaintiff, in conformity

with 15 U.S.C. § 1692g(a):

Federal law provides you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, we'll assume that it's valid. If you do dispute it-by notifying our office in writing to that effect-we will, as required by the law, obtain and mail to you verification of the debt or, if the debt has been reduced to judgment, a copy of the judgment. And if, within the same period, you request in writing the name and address of the original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

Exs. A, B.

55.     However, the November 7 and 10, 2017 communications then went on to advise

Plaintiff:

The law does not require our firm to wait until the end of the thirty-day period before contacting you to collect this debt. If, however, you dispute the debt or request the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts to collect the debt until we mail you verification or a copy of the judgment (if you dispute the debt) or the name and address of the original creditor.

*Id.*

56.    The last sentence is literally false, as the law only requires that Defendant suspend its collection efforts if it receives, within the 30-day validation period, a *written* dispute of the debt or a *written* request for the name and address of the original creditor. 15 U.S.C. § 1692g(b).

57.    If Plaintiffs—or any other alleged debtors—were to have disputed their Debts *orally* or requested the names and addresses of their original creditors *orally*—for instance, by simply picking up the phone—then, contrary to what Defendant advised Plaintiffs in its letters, the law *does not* require Defendant to suspend its collection efforts until it mails verification of the debt, a copy of the judgment, or the creditor information requested.

58.    As a result, if either plaintiff were to dispute his debt or request the name and address of the original creditor by phone, he would have unwittingly waived his rights under § 1692g(b) to have Defendant cease all collection efforts, as a matter of law, until it verified the debt or provided the requested creditor information.

59.    The statement cited above in paragraph 55, which omits the words "in writing," contradicts the correct disclosures cited above in paragraph 54, thus overshadowing the FDCPA-mandated notices.

60.    In other words, the closing paragraph in each of Defendant's challenged communications contradicts and overshadows the requisite validation notice because it encourages Plaintiffs to dispute their Debts or request the names and addresses of their original creditors by any means, and not strictly *in writing*—as the statute instructs.

61.    Therefore, Defendant violated 15 U.S.C. § 1692g(b).

62.    The harm suffered by Plaintiffs is particularized in that the violative initial debt collection letters at issue were sent to them personally, regarded their personal alleged Debts, and failed to effectively give them statutorily-mandated disclosures to which they were entitled.

63.    Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

64.    "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

65.    The content of the November 7 and 10, 2017 initial communications created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

66.    That is, where a debt collector fails to effectively inform the consumer that his or her request for validation or creditor information must be made *in writing* within the thirty-day validation window, he or she is likely completely unaware of the interplay between § 1692g(a) and § 1692g(b), and therefore *unlikely* to invoke the FDCPA's protections under § 1692g(b) in a timely manner. *See, e.g.*, *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011) ("Where the debt collector fails to advise that the debtor's requests under

subsections (a)(4) and (a)(5) must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them.").

## COUNT II: VIOLATIONS OF 15 U.S.C. § 1692e

67.    Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 51.

68.    The FDCPA at 15 U.S.C. § 1692e provides, in pertinent part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

69.    As explained above, Defendant's November 7 and 10, 2017 communications misstated the law by falsely representing that "[i]f, however, you dispute the debt or request the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts to collect the debt until we mail you verification or a copy of the judgment (if you dispute the debt) or the name and address of the original creditor." Exs. A, B.

70.    This is not true, as § 1692g(b)'s protection from continued collection efforts by the debt collector applies only to *written* disputes and *written* requests for creditor information. 15 U.S.C. § 1692g(b).

71.    Yet, since the FDCPA allows a debt to be disputed orally or in writing, Defendant's statement in each letter wrongly implies that if Plaintiffs were to dispute *orally*, the law still requires it to suspend its collection efforts pending Plaintiffs' requests. *Id.*

72.    As a result, Defendant's statements are false and misleading and thus violate 15 U.S.C. § 1692e.

73.     The harm suffered by Plaintiffs is particularized in that the violative initial debt collection letters at issue were sent to them personally, regarded their personal alleged Debts, and provided incorrect disclosures regarding their personal validation rights under the law.

74.     Defendant's actions invaded a specific private right created by Congress, and the invasion of said right created the risk of real harm. *See Church*, 654 F. App'x at 995.

75.     "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti*, 691 F. App'x at 26.

76.     And the content of Defendant's November 7 and 10, 2017 communications created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis*, 2017 WL 4005008, at *2 (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

**WHEREFORE**, Plaintiffs respectfully request relief and judgment as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e;

C.  Awarding Plaintiffs and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.  Enjoining Defendant from future violations of 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e with respect to Plaintiffs and the class;

F.  Awarding Plaintiffs and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G.  Awarding Plaintiffs and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury.

Dated:  May 1, 2018                        Respectfully submitted,

                                          /s/ Jesse S. Johnson
                                          Jesse S. Johnson
                                          Greenwald Davidson Radbil PLLC
                                          5550 Glades Road, Suite 500
                                          Boca Raton, FL 33431
                                          Tel: (561) 826-5477
                                          Fax: (561) 961-5684
                                          jjohnson@gdrlawfirm.com

                                          *Counsel for Plaintiffs and the proposed class*