**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Monty G. Carroll, Jr. and Lawrence D. Smith, on behalf of themselves and others similarly situated, | ) ) ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Plaintiffs, | ) ) | Case No. 3:18-cv-093 |
| vs. | ) ) | |
| Rodenburg LLP, | ) ) | |
| Defendant. | ) | |

Before the Court is the Defendant's motion to dismiss filed on June 22, 2018.  See Doc. No. 7.  On July 13, 2018, the Plaintiffs filed a response in opposition.  See Doc. No. 9.  On July 27, 2018, the Defendant filed a reply brief.  See Doc. No. 10.  For the reasons set forth below, the Defendant's motion to dismiss is granted.


I.      **BACKGROUND**

Rodenburg LLP is a law firm based in North Dakota.  In the complaint, the Plaintiffs allege that on November 7, 2017, Rodenburg sent a letter to Lawrence Smith to collect on a debt owed to Discovery Bank in the amount of $1,500.18.  On November 10, 2017, Rodenburg sent a letter to Monty Carroll to collect on a debt owed to SoFi Lending Corp. in the amount of $47,553.06.  These letters consisted of three paragraphs.  The first paragraph of both letters contained the amount of the debt and identified the creditor.  The second and third paragraph of the letters are as follows:

> Federal law provides you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, we'll assume that it's valid. If you do dispute it-by notifying our office in writing to that

1

effect-we will, as required by the law, obtain and mail to you verification of the debt or, if the debt has been reduced to judgment, a copy of the judgment. And if, within the same period, you request <u>in writing</u> the name and address of the original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

The law does not require our firm to wait until the end of the thirty-day period before contacting you to collect this debt. If, however, you dispute the debt or request the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts to collect the debt until we mail you verification or a copy of the judgment (if you dispute the debt) or the name and address of the original creditor.

Doc. No. 1-1, 1-2 (emphasis added).  In their complaint, the Plaintiffs allege this notice does not comply with the Fair Debt Collection Practices Act (FDCPA).

On June 22, 2018, Rodenburg moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In its motion, Rodenburg contends the complaint should be dismissed because its letters complied with FDCPA provisions, and the Plaintiffs have failed to state a claim upon which relief can be granted.

## II.   <u>STANDARD OF REVIEW</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotes omitted).  A plaintiff must show that success on the merits is more than a "sheer

2

possibility." Id.  A complaint does not need detailed factual allegations, but it must contain more than labels and conclusions.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court must accept all factual allegations of the complaint as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Ashcroft, 556 U.S. at 678. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.  The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief.  Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013).

## III.   LEGAL DISCUSSION

The purpose of FDCPA is to eliminate abusive practices by debt collectors while ensuring debt collectors who do not use abusive practices are not competitively disadvantaged.  Strand v. Diversified Collection Serv., 380 F.3d 316, 318 (8th Cir. 2004).  Alleged violations of the FDCPA are reviewed under the unsophisticated-consumer standard which is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" Duffy v. Lundberg, 215 F.3d 871, 874 (8th Cir. 2000) (quoting Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997)).  While protecting unsophisticated consumers, this standard also provides an objective standard of reasonableness which protects debt collectors from peculiar or ingenious interpretations of collection letters.  Strand, 380 F.3d at 318.

The FDCPA requires a debt collector to send a notice to the consumer containing the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  The parties do not dispute that Rodenburg's letters satisfy Section 1692g(a).

However, the Plaintiffs allege the letters do not comply with 15 U.S.C. § 1692g(b).

Section 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b) (emphasis added).  The complaint does not allege the Plaintiffs notified Rodenburg they were disputing the debt or requesting the name and address of the original creditor. Thus, the Court concludes the first two sentences of Section 1692g(b) do not apply.  Nonetheless, the Plaintiffs argue Rodenburg failed to comply with Section 1692g(b) because the third paragraph of Rodenburg's letters either overshadowed or was inconsistent with the disclosure of their right to dispute the debt or request the name and address of the original creditor, which was contained in paragraph two of the letters.

Specifically, the Plaintiffs argue the second sentence of the third paragraph did not notify them they had to respond to Rodenburg in writing.  That sentence stated, "If, however, you dispute the debt or request the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts to collect the debt until we mail you verification or a copy of the judgment (if you dispute the debt) or the name and address of the original creditor."  See Doc. No. 1-1, 1-2.  The Plaintiffs argue that by not stating the reply needs to be in writing, any type of reply, such as a telephone response, may be used. According to the Plaintiffs, these directions overshadow or are inconsistent with the disclosure given in paragraph two.  The Court disagrees.

Paragraph two of the letters clearly indicates that disputing the validity of a debt or requesting the name and address of an original creditor must be done in writing.  Paragraph three provides the additional information required to satisfy the first two sentences of Section 1692g(b).  Although paragraph three does not once again indicate a response must be in writing, it does not indicate another means by which a consumer may dispute the validity of a debt or request the name and address of an original creditor.  Thus, paragraph three does not overshadow or provide inconsistent

information with the directions outlined in paragraph two.  An unsophisticated consumer reading the entire letter would know a response needs to be in writing.  As such, Rodenburg has not violated Section 1692g(b) of the FDCPA.

The complaint also alleges Rodenburg violated Section 1692e of the FDCPA.  Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The Plaintiffs allege because paragraph three does not state that disputing the validity of the debt or requesting the name and address of the original creditor need be in writing, paragraph three contains false and misleading statements.  Specifically, the Plaintiffs argue the second sentence of paragraph three (which is the same sentence at issue in the last argument) is false and misleading because "it simply is not true that 'the law requires' Defendant to 'suspend [its] efforts to collect the debt' merely by Mr. Smith or Mr. Carroll 'disput[ing] the debt' or 'request[ing] the name and address of the original creditor' within 30 days—they would have to do so *in writing* to obtain that privilege."  See Doc. No. 9 at 13-14.

The Court has already concluded Rodenburg stated in paragraph two that disputing the validity of the debt or requesting the name and address of the original creditor needs to be in writing.  For the same reason as above, paragraph three does not mislead the unsophisticated consumer to believe a writing is not required.  Further, although paragraph three is not as specific as paragraph two, because it does not state the medium by which the consumer is to communicate a response, this omission does not create a falsity.  Nor does it deceive, because the immediate prior paragraph states the response needs to be in writing.  For these reasons, the Court concludes that Rodenburg did not violate Section 1692e of the FDCPA.

Finding the Plaintiffs have failed to allege facts giving rise to a FDCPA claim, the Court

concludes the Plaintiffs have failed to state a claim upon which relief may be granted.  The complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.     **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, the Defendant's motion to dismiss (Docket No. 7) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2018.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court